# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 1:17-CV-20796-DPG

JUAN C. PAULA and all others similarly
situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

LA CUCINA MANAGEMENT, INC.
d/b/a PERRICONE'S MARKETPLACE &
CAFE and STEVEN PERRICONE,

      Defendants.

_____

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Defendants La Cucina Management, Inc. d/b/a Perricone's Marketplace & Cafe and Steven Perricone (collectively, "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move for the dismissal of Plaintiff Juan C. Paula's Complaint [D.E. 1] for the following reasons:

## I.   INTRODUCTION

On March 1, 2017, Plaintiff Juan C. Paula ("Plaintiff") filed a one count complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff claims to be seeking relief on behalf of himself and other unnamed individuals who Plaintiff contends are "similarly situated." Plaintiff's claim does not meet the minimum pleading standards articulated by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Supreme Court's teachings in *Twombly* and *Iqbal* make clear that, to survive a motion to dismiss, a complaint must set forth

sufficient factual allegations to state a claim for relief that is plausible on its face.

Here, the collective-action component of Plaintiff's Complaint must be dismissed because Plaintiff's Complaint fails to plead or define any attributes of the allegedly similarly situated employees.  More precisely, the Complaint does not permit Defendants to identify the alleged class members and the common facts that render Plaintiff similarly situated to every employee who worked for Defendant for the past three years.  Likewise, Plaintiff's allegation that Defendants willfully and intentionally violated the FLSA – thereby increasing the statutory period of recovery – is based solely upon mere conclusory contention, without any factual underpinnings, that the alleged violations are willful.

## II.   FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he was employed as a sous chef for Defendants from on or about December 2008 through on or about February 23, 2017.  *Compl.* at ¶9.  Plaintiff omits the fact that he was properly classified as an exempt salaried employee, and, instead, alleges that he worked an average of 57.5 hours a week and that he was paid an average hourly rate of $15.65 per hour.  *Id.* at ¶14.  Plaintiff further alleges that Defendants allegedly did not pay him an extra half time rate for all hours worked in excess of 40 per week.  *Id.* at ¶14.  Plaintiff's Complaint contains no allegations regarding the job duties Plaintiff performed which he contends made him a non-exempt employee under the FLSA.

In addition, Plaintiff alleges that he is bringing this action as a collective action under the FLSA.  In support, the Complaint alleges that "it is *believed* that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages . . . from the filing of this complaint back three years."  *Id.* at ¶6 (emphasis added).  Yet, other than Plaintiff or his counsel's "belief" that there may be other "similarly situated employees," the Complaint provides no information to permit Defendants to identify

2

these alleged class members nor the common facts that would render them similarly situated.

III.   **ARGUMENT**

A.   **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a cause of action that fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  While a plaintiff need not make detailed factual allegations in order to survive a motion to dismiss, such allegations must be sufficient to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  When a complaint falls short of this standard because it relies on formulaic recitations and unsupported conclusions, a Court should dismiss the deficient claims for their failure to provide an adequate basis for the possibility of granting relief.  *See* Fed. R. Civ. P. 12(b)(6).

B.   **The Collective-Action Component of Plaintiffs Claim Must Be Dismissed**

The FLSA permits a collective action to be maintained against any employer by any one or more employees for and on behalf of themselves and other employees similarly situated.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. §216(b)).  Employees must be "similarly situated" regarding their job requirements for the case to proceed as a collective action.  *See Id*.  When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees, the complaint should indicate the

identity and the job title of those employees who plaintiffs contend are similarly situated, as well as the pay provision at issue that is being applied to plaintiffs and the other similarly situated employees.  *See Jones v. Casey's General Stores*, 538 F. Supp.2d 1094, 1102 (S.D. Iowa 2008) (citing *Zhong v. August Corp.*, 498 F. Supp.2d 625, 628 (S.D.N.Y. 2007)); *Poggi v. Humana, Inc.*, No. 8:17-CV-433-T-24 MAP, 2017 WL 1322487 (M.D. Fla. Apr. 7, 2017).  "It is not enough to simply say that Defendant did not pay minimum wages and/or overtime to Plaintiff and others."  *Id.* at *3.

Here, the Complaint does not even go as far as to allege that other similarly situated employees were improperly compensated by Defendants.  Instead, the Complaint alleges that "it is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages . . ."  *Compl.* at ¶6.  While the Complaint contains this conclusory assertion, the "Complaint lacks any allegations as to any facts upon which the Court could draw a reasonable inference that Defendant is liable to a certain category of employees similarly situated to Plaintiff."  *Diaz v. Garda CL Se., Inc.*, 12-21746-CIV, 2012 WL 12888565, at *1 (S.D. Fla. Aug. 2, 2012) (Ungaro, J.) (dismissing collective action component of FLSA claim for failure to state a claim).

As a result, the collective action allegations are merely legal conclusions that do not satisfy the *Twombly* and *Iqbal* pleading standards.  Accordingly, Plaintiff's collective action allegations should be dismissed.  *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *4 (S.D. Fla. July 14, 2014) (Moreno, J.) ("The Court finds that the collective components of [plaintiff's FLSA action] should be dismissed because Plaintiff's Complaint fails to plead or define any attributes of the alleged similarly situated employees, and, therefore, the allegations fail to state a claim for relief as a collective action."); *Poggi v. Humana, Inc.,* No.

8:17-CV-433-T-24 MAP, 2017 WL 1322487 (M.D. Fla. Apr. 7, 2017) (dismissing collective-component of FLSA claim because "Plaintiff [gave] absolutely no detail in the complaint about what his position is, what positions similarly situated employees are in, and what specific provisions is resulting in the FLSA violation.")

### C.     Plaintiff Fails to Plead a Willful Violation of The FLSA

Besides the foregoing deficiencies warranting dismissal, Plaintiff's FLSA claim must be dismissed to the extent that he seeks recovery beyond a two (2) year period, because Plaintiff's Complaint fails to allege facts to plausibly establish a willful violation.  In general, a cause of action against an alleged employer under the FLSA for a minimum-wage violation or purportedly unpaid overtime must be commenced within two (2) years after the cause of action accrued or it will be "forever barred."  29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988).  The only exception to this rule is if an employer commits a "willful violation," in which case a three (3) year statute of limitations applies.  29 U.S.C. § 255(a).

To establish a willful violation under the FLSA, a plaintiff must show that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin*, 486 U.S. at 133-134.  "To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that [her] employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was."  *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1162–63 (11th Cir. 2008).  Reckless disregard is the "failure to make adequate inquiry into whether conduct is in compliance with the Act."  5 C.F.R. § 551.104; *Gilbert v. City of Miami Gardens*, 625 F. App'x 370, 372 (11th Cir. 2015).  An employer does

not commit a willful violation if he "acts unreasonably, but not recklessly, in determining [his] legal obligation" under the Act.  *McLaughlin,* 486 U.S. at 135 n. 13.

Plaintiff's allegations of a willful violation do not meet the governing pleading standard, as articulated above.   While Plaintiff generically alleges that Defendants' actions were intentional and willful, Plaintiff provides no factual allegations detailing how Defendants' actions were intentional and willful.  *See Compl*. at ¶15.  Because Plaintiff has failed to meet his burden of establishing factual allegations that would show Defendant acted willfully, Plaintiff's claim that a "willful" violation exists should be dismissed, with prejudice.  *Patel v. Georgia Dep't. BHDD*, 485 Fed. App'x. 982 (11th Cir. 2012) (providing that "[f]utility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.).

## IV.   <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Court grant this Motion to Dismiss, and enter an Order dismissing Plaintiff's Complaint, as well as any other further relief the Court deems just and appropriate.

Dated:  April 17, 2017

Respectfully submitted,

By:/s/ *Jonathan A. Beckerman*
    Jonathan A. Beckerman, Esq.
    Florida Bar No. 0568252
    E-mail: jabeckerman@littler.com
    Miguel A. Morel, Esq.
    Florida Bar No. 089163
    E-mail: mamorel@littler.com
    LITTLER MENDELSON, P.C.
    Wells Fargo Center
    333 SE 2nd Avenue, Suite 2700
    Miami, FL  33131
    Telephone:  305-400-7500
    Facsimile:   305-603-2552

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF**

J. H. Zidell, Esq.
Florida Bar No. 0010121
Email: zabogado@aol.com
Neil Tobak, Esq.
Florida Bar No. 93940
Email: ntobak.zidellpa@gmail.com
Joshua H. Sheskin, Esq.
Florida Bar No. 93028
Email: Jsheskin.jhzidellpa@gmail.com
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone:  305-865-6766
Facsimile:  305-865-7167

**COUNSEL FOR DEFENDANT:**

Jonathan A. Beckerman, Esq.
Florida Bar No. 0568252
E-mail: jabeckerman@littler.com
Secondary:  mpiloto@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-mail: mamorel@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:  305-400-7500
Facsimile:   305-603-2552

Firmwide\147028103_1