UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-CV-20796-DPG

JUAN C. PAULA and all others similarly
situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

LA CUCINA MANAGEMENT, INC.
d/b/a PERRICONE'S MARKETPLACE &
CAFE and STEVEN PERRICONE,

      Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants La Cucina Management, Inc. d/b/a Perricone's Marketplace & Café ("Perricone's Restaurant") and Steven Perricone (collectively, "Defendants"), pursuant to the Court's March 2, 2017 Notice of Court Practice in Fair Labor Standards Act Cases [D.E. 8], respond to the Statement of Claim [D.E. 9] filed by Plaintiff Juan C. Paula as follows:

1. Defendants deny Plaintiff's Statement of Claim, including the weekly hours he alleges to have worked that allegedly went uncompensated, the alleged rate of pay (overtime and straight time), and the total amounts allegedly owed.

2. Plaintiff worked for Perricone's Restaurant as a sous chef from or about December 2008 until February 23, 2017, when his employment with Defendant ended. During the entire course of Plaintiff's employment, Plaintiff was classified as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"). Plaintiff was properly classified as exempt, and thus, is not entitled to any overtime compensation.

3. Plaintiff filed the instant action on March 1, 2017. The limitations period applicable to an FLSA claim is two years, unless a willful violation is found, which could result in an extension of the limitations period to three years. *See* 29 U.S.C. §255. Thus, even if Plaintiff is correct that his position was misclassified (and he is not correct), Defendants assert that there is no evidence to support a finding of willfulness. Thus, the maximum relevant time period for the instant action should date back no earlier than March 1, 2015.

4. Plaintiff was compensated on a salary basis, in accordance with all requirements of the FLSA. In Plaintiff's Statement of Claim, he alleges that he worked an average of 57.5 hours per week during his employment. While Plaintiff did work a significant number of hours during many weeks of his employment, the average asserted by Plaintiff is an exaggeration.

5. There are also a number of weeks where Plaintiff worked less than 40 hours for varying reasons, which means he would not be entitled to recover any overtime in the instant action for those weeks. For example, Plaintiff took vacation during some weeks, he was out sick during some weeks, and the facility was closed on some days due to holidays. Despite this, Plaintiff was paid at least his full salary for all such workweeks.

6. To the extent Plaintiff is found to be entitled to receive compensation under the FLSA, Plaintiff is not entitled to recover liquidated damages since Defendants complied in good faith with the FLSA, and had reasonable grounds to believe that the alleged acts or omissions did not violate the FLSA.

WHEREFORE, Plaintiff is not entitled to the relief that he seeks in this action, including his claim for unpaid overtime damages, liquidated damages and attorney's fees and costs. Thus, Defendants respectfully deny Plaintiff's Statement of Claim and demand strict proof thereof.

Dated:  May 15, 2017

                                            Respectfully submitted,

                                      By:/s/ *Jonathan A. Beckerman*
                                            Jonathan A. Beckerman, Esq.
                                            Florida Bar No. 0568252
                                            E-mail: jabeckerman@littler.com
                                            Miguel A. Morel, Esq.
                                            Florida Bar No. 089163
                                            E-mail: mamorel@littler.com
                                            LITTLER MENDELSON, P.C.
                                            Wells Fargo Center
                                            333 SE 2nd Avenue, Suite 2700
                                            Miami, FL  33131
                                            Telephone:  305-400-7500
                                            Facsimile:   305-603-2552

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 15th day of May 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            *s/ Jonathan A. Beckerman*
                                            Jonathan A. Beckerman, Esq.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

J. H. Zidell, Esq.
Florida Bar No. 0010121
Email: zabogado@aol.com
Neil Tobak, Esq.
Florida Bar No. 93940
Email: ntobak.zidellpa@gmail.com
Joshua H. Sheskin, Esq.
Florida Bar No. 93028
Email: Jsheskin.jhzidellpa@gmail.com
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone:  305-865-6766
Facsimile:   305-865-7167

**COUNSEL FOR DEFENDANTS:**

Jonathan A. Beckerman, Esq.
Florida Bar No. 0568252
E-mail: jabeckerman@littler.com
Secondary:  mpiloto@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-mail: mamorel@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:  305-400-7500
Facsimile:   305-603-2552

Firmwide:147181425.1 051241.1004