UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-CV-20796-DPG

JUAN C. PAULA and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

LA CUCINA MANAGEMENT, INC.
d/b/a PERRICONE'S MARKETPLACE &
CAFE and STEVEN PERRICONE,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Steven Perricone and La Cucina Management, Inc. d/b/a Perricone's Marketplace & Cafe (collectively, "Defendants"), hereby file and serve their Answer and Affirmative Defenses to the Amended Complaint [D.E. 30] filed by Plaintiff Juan C. Paula ("Plaintiff") and state as follows:

1. Defendants admit that Plaintiff purports to bring this case under the Fair Labor Standards Act, 29 U.S.C. §§201-216, but deny that Plaintiff is entitled to any relief.

2. Defendants are without sufficient knowledge to form a basis as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Complaint, and therefore, deny those allegations.

3. Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendants admit only that Steven Perricone is a corporate officer of La Cucina Management, Inc. d/b/a Perricone's Marketplace & Cafe. The remaining allegations contained in Paragraph 4 of the Amended Complaint are denied.

5. The allegations contained in Paragraph 5 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 5 of the Amended Complaint are denied.

6. Defendants admit only that Plaintiff purports to bring this case pursuant to the laws of the United States and as a collective action pursuant to 29 U.S.C. §216(b), but deny that Plaintiff is entitled to any relief or that any similarly situated employees exist. The third sentence of Paragraph 6 of the Amended Complaint contained legal conclusions to which no response is required. To the extent that a response to the third sentence contained in Paragraph 6 of the Amended Complaint is required, those allegations are denied. Defendants are without sufficient knowledge to form a basis as to the truth or falsity of the allegations contained in the last sentence of Paragraph 6 of the Amended Complaint, and therefore, deny those allegations.

7. The allegations contained in Paragraph 7 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 7 of the Amended Complaint are denied.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

8. Defendants admit only that Plaintiff purports to quote the language contained in 29 U.S.C. §207(a)(1).

9. Defendants admit the allegations contained in Paragraph 9 of the Amended Complaint.

10. The allegations contained in Paragraph 10 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 10 of the Amended Complaint are denied.

11. The allegations contained in Paragraph 11 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 11 of the Amended Complaint are denied.

12. The allegations contained in Paragraph 12 of the Amended Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Amended Complaint are admitted.

14. The allegations contained in Paragraph 14 of the Amended Complaint are denied.

15. The allegations contained in Paragraph 15 of the Amended Complaint are denied.

In response to the "WHEREFORE" clause that follows Paragraph 15 of the Amended Complaint, Defendants deny that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause, or that Plaintiff is entitled to any such relief. Further, while Defendants admit that Plaintiff demands a jury trial on all issues so triable, Defendants deny that any disputed issue of material fact exists for a jury's determination.

Defendants specifically deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof on Plaintiff's causes of action, Defendants state the following affirmative defenses, but do not assume the burden of proof of such defenses except as required by law with respect to the particular defense asserted:

**First Affirmative Defense**

The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**Second Affirmative Defense**

To the extent that the period of time alluded to in the Amended Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 259, such claims of Plaintiff or "similarly situated individuals" (which Defendants deny the existence of) are barred.

**Third Affirmative Defense**

Plaintiff's claims and/or the claims of alleged "similarly situated individuals" (which Defendants deny the existence of) are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation and the compensation of any alleged "similarly situated individuals" were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**Fourth Affirmative Defense**

Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendants deny the existence of) are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

**Fifth Affirmative Defense**

Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendants deny the existence of) are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

**Sixth Affirmative Defense**

Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendants deny the existence of) are barred in whole or in part to the extent that the work performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b), including but not limited to, the executive, administrative, and professional exemptions and/or a combination of these.

**Seventh Affirmative Defense**

The alleged injuries of Plaintiff and any alleged "similarly situated individuals" (which Defendants deny the existence of) were not proximately caused by any unlawful action, policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants and any such injuries, if any, were caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendants and who were not within the exclusive control of Defendants.

**Eighth Affirmative Defense**

Plaintiff's claims, and the claims of any alleged "similarly situated individuals" (which Defendants deny the existence of), are barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

### Ninth Affirmative Defense

Plaintiff cannot satisfy the requirements of a collective action under the FLSA, and some or all of the claims asserted in the Amended Complaint are barred, because Plaintiff is not similarly situated to the group of individuals he seeks to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

### Tenth Affirmative Defense

The types of claims alleged by Plaintiff on behalf of himself and the group of individuals which he purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

### Eleventh Affirmative Defense

To the extent liability, affirmative defenses, and/or damages, if any, to each member of the alleged group Plaintiff purports to represent are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective action violates Defendants' rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution.

### Twelfth Affirmative Defense

Plaintiff's claims, and the claims of any alleged "similarly situated individuals" (which Defendants deny the existence of), are barred, in whole or in part, because they have been fully compensated for all hours worked in accordance with the applicable provisions of the FLSA.

## **Thirteenth Affirmative Defense**

Defendants reserve the right to plead other affirmative defenses which become known during the discovery of this case.

**Dated**:  June 2, 2017

                                                  Respectfully submitted,

By:/s/*Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.
Florida Bar No.: 0568252
E-mail: jabeckerman@littler.com
Miguel A. Morel, Esq.
Florida Bar No.: 089163
E-mail: mamorel@littler.com
**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:  305-400-7500
Facsimile:   305-603-2552

*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

J. H. Zidell, Esq.
Florida Bar No. 0010121
Email: zabogado@aol.com
Neil Tobak, Esq.
Florida Bar No. 93940
Email: ntobak.zidellpa@gmail.com
Rivkah Jaff, Esq.
Florida Bar No. 107511
Email: rivkah.jaff@gmail.com
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone:  305-865-6766
Facsimile:   305-865-7167

**COUNSEL FOR DEFENDANTS:**

Jonathan A. Beckerman, Esq.
Florida Bar No. 0568252
E-mail: jabeckerman@littler.com
Secondary:  mpiloto@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-mail: mamorel@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:  305-400-7500
Facsimile:   305-603-2552

Firmwide:147916597.3 051241.1004